Vincent A. Ltjpiano, J.
Plaintiff moves for summary judgment in this action for declaratory judgment. Defendant cross-moves for judgment declaring rights and relations in his favor or, in the alternative, for an order of preclusion.
At the request of the owner, plaintiff, a real estate broker, listed and sold a condominium unit. The owner was represented by the defendant. Contract of sale was executed April 15, 1969 providing for payment of commissions to plaintiff. Closing *292 occurred on May 28,1969. Payment of commissions was refused at that time. Defendant received an amount equivalent to the commissions as provided to be held by him in an interest-bearing account. Plaintiff did not consent to that arrangement.
Plaintiff urges that a novel question of law is alone involved. That question is whether a licensed real estate broker must be a licensed securities dealer to earn and receive a broker’s commission on the resale of a condominium unit. Defendant contends that a condominium unit is a security interest, and the right to earn and receive a commission rests on the possession of a security dealer’s license.
Section 339-g of article 9-B, Condominium Act, of the Real Property Law provides: “ Status of units. Each unit, together with its common interest, shall for all purposes constitute real property. ” Defendant argues, however, that section 352-e of the General Business Law applies. It is contained in article 23-A which regulates fraudulent practices in respect of stocks, bonds and other securities. Section 352-e pertains specifically to real estate syndication offerings. The various sections and subdivisions following 352-e clearly indicate the legislative intent to regulate thereby the original organization and public offering. Violation may result in prosecution by the Attorney-General or in civil suit by investors against those only responsible for misleading prospectus (Steingart v. 21 Assoc., 31 Misc 2d 212). In addition, section 339-ee of the Real Property Law pertaining to “ effect of other laws ”, provides, in part, in subdivision 1 thereof: All units of a property which shall be submitted to the provisions of this article shall be deemed to be cooperative interests in realty within the meaning of section three hundred fifty-two-e of the general business law. Article nin'e-a of the real property law shall not apply to the property or any unit. ’ ’ Article 9-A pertains to the subdividing of lands pursuant to original plan. The resale of an interest in real property is unrelated to an original sale in a syndication constituting a sale of securities. In the latter situation a securities license is required. On the resale of a unit previously acquired by syndication, the supervisory purposes have been exhausted and possession of a broker’s license suffices.
Plaintiff’s motion is granted, and defendant’s cross motion is denied. Settle order.